**Bobby TUCKER; Z.T., a minor, Plaintiffs–Appellants,**

v.

**SEATTLE HOUSING AUTHORITY; et al., Defendants–Appellees.**

**No. 14–36096**

United States Court of Appeals, Ninth Circuit.

Submitted October 25, 2016 *

Filed November 02, 2016

Bobby Tucker, Pro Se, Seattle, WA, for Plaintiff–Appellant.

Donald S. Means, Deputy General Counsel, for Defendant–Appellee Seattle Housing Authority.

Christopher A. Matheson, Counsel, Martin J. Pujolar, Forsberg & Umlauf, P.S., Seattle, WA, for Defendants–Appellees Linda Brosell, James E. Fearn.

Before: LEAVY, GRABER, and CHRISTEN, Circuit Judges.

### MEMORANDUM ***

Bobby Tucker and his minor child, Z.T., appeal pro se from the district court's summary judgment in their 42 U.S.C. § 1983 action alleging claims relating to their project-based Section 8 housing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because appellants failed to raise a genuine dispute of material fact as to whether they were entitled to a grievance procedure and to remain on the housing wait list. *See* 42 U.S.C. § 1437f(*o*)(13)(J) (family retains place on waiting list only where family "rejects an offer of project-based assistance"); *Moore v. Nw. Fabricators, Inc.*, 51 Wash.2d 26, 314 P.2d 941, 942 (1957) ("Abandonment, as applied to leases, involves an absolute relinquishment of premises by a tenant, consisting of act or omission and an intent to abandon."); 24 C.F.R. § 983.256(f)(3)(ii) ("The term of the lease terminates if . . . [t]he tenant terminates the lease"); 24 C.F.R. § 983.261(d) ("If the family terminates the assisted lease before the end of one year, the family relinquishes the opportunity for continued tenant-based assistance.").

We do not consider new evidence introduced on appeal. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

Appellants' requests for appointment of counsel are denied.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellants' motion to expedite the case, filed on May 23, 2016, is granted.

**AFFIRMED.**